# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JANIE R. MORMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-00895 |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT TO THE
## FAIR DEBT COLLECTION PRACTICES ACT

NOW comes JANIE R. MORMAN ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Williamson County, Texas, which lies within the Western District of Texas.

5. Defendant describes itself as follows: "Founded in 1977, AMCA is the leading recovery agency for patient collections. We are one of the Nation's top high volume lower balance agencies managing over $1BN in annual receivables for a diverse client base."[1] Defendant is in the business of collecting delinquent consumer medical debts of others, including debts allegedly owed by Plaintiff. Defendant is a corporation with its principal place of business located at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523-1615.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon two outstanding consumer debts ("subject consumer debts") purportedly owed by Plaintiff.

8. The subject consumer debts arose out of Plaintiff's purported past due payments for medical examinations.

9. Around December 21, 2017, Defendant mailed Plaintiff its first collection letter for a debt Plaintiff purportedly owes to Quest Diagnostics Incorporated ("Quest").

---

[1] http://amcaonline.com/about.php

10. Around May 31, 2018, Defendant mailed Plaintiff its second collection letter for a debt Plaintiff purportedly owes to Clinical Pathology Associates ("Pathology").

11. Defendant's letter for the Quest debt represented the "Amount Due" of the debt as $31.98.

12. Thereafter, Defendant's first letter contained a portion which states:

**Your response *may* prevent further collection activity.**

13. Defendant's first letter confused Plaintiff as the language was unclear regarding the potential outcome of a response.

14. Defendant's letter for the Pathology debt represented the "Amount Due" of the debt as $48.60.

15. Defendant's second letter was largely similar to the first but notably contained a portion which states:

**Your response *wil*l prevent further collection activity.**

16. Defendant's second letter confused Plaintiff as it lead her to believe that any response would "prevent further collection activity."

17. Both letters share clear similarities. The major notable difference between the letters is the information regarding the specific accounts and word "may" replaced with "will" in the above-referenced sections.

18. The above-referenced passages in paragraphs 12 and 15 were bolded in their respective letters and clearly stand out from the rest of the text in Defendant's letters.

19. Naturally, Defendant intended to draw Plaintiff's attention to the above-referenced passages in paragraphs 12 and 15 in order to compel Plaintiff to act.

20. After receipt of the letters, Plaintiff was frustrated and confused over Defendant's conduct and spoke with Sulaiman regarding her rights.

21. Plaintiff has suffered pecuniary loss and expended resource dealing with Defendant's conduct. She has been confused and mislead by the letters and the actions Defendant could and would take.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant identifies itself as a debt collector as it has been a member of the Association of Credit and Collection Professionals, and association of debt collectors, since 1989.[2]

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

---

[2] https://www.acainternational.org/search#memberdirectory

4

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

29. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) in its first letter to Plaintiff when it asserted that **"Your response may prevent further collection activity."** In its wording, Defendant deceptively stated that it may continue its collection activity regardless of Plaintiff's response through the use of the word "may." Through the use of the word "may" in a bolded sentence, evidently designed to captivate Plaintiff's attention, Defendant attempted to instill the belief in Plaintiff that collection activity could continue regardless of her response. Defendant's deceptive statement is patently false as it seeks to misrepresent Plaintiff's statutory rights and options to prevent Defendant's collection activities, such as filing for bankruptcy, or asserting any and all relevant federal and state laws designed to protect consumers from deceptive and/or misleading practices employed by debt collectors. Furthermore, Defendant's wording highlights its lack of intent to stop its collection activates as it is designed to deceive Plaintiff into believing that collection activates may not have a definitive end regardless of any affirmative action from Plaintiff.

30. Defendant further violated 15 U.S.C. §§ 1692e, e(5), and e(10) in its second letter to Plaintiff when it asserted that **"Your response will prevent further collection activity."** Through its wording, Defendant deceptively stated that any response from Plaintiff shall cease any collection activity from defendant through the use of the word "will." Through the use of the word "will" in a bolded sentence, unmistakably designed to captivate Plaintiff's attention, Defendant attempted to incentivize Plaintiff to contact Defendant because potentially any response from Plaintiff will prevent all collection activity from Defendant. Upon information and belief Defendant would not cease its collection activity simply by receiving any response from Plaintiff.

31. In construing violations under the FDCPA, the Fifth Circuit applies the "unsophisticated or least sophisticated consumer standard" to determine whether conduct is deceptive or misleading. *Goswarni v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004) (noting the court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard") ; *see also, Avila v. Rubin,* 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter."). The "least sophisticated consumer standard serves the . . . purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices . . . ." *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997). This standard views FDCPA violations from the perspective of someone on "the very last rung on the sophistication ladder." *Gammon v.GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994). The "unsophisticated consumer standard" is substantially similar, "except that it is designed to protect consumers of below average sophistication or intelligence . . . ." without tying that standard to the bottom rung of the sophistication ladder. *Id.*

32. When considering Defendant's collection letters in light of either standard, Defendant's violations of the FDCPA become even more apparent. An unsophisticated consumer could easily conclude that Defendant's confusing wording in its first letter was designed to deceive Plaintiff and misstate her rights under federal and state laws. Moreover, an unsophisticated consumer could conclude that Defendant's second letter improperly attempted to incentivize Plaintiff to contact Defendant as it deceptively alluded that any response from Plaintiff would prevent any further collection activities from Defendant, regardless if a payment was tendered.

33. An unsophisticated consumer would undoubtedly find both letter confusing as one deceptively misstates Plaintiff's rights and the other one provides a false incentive to contact

Defendant under the guise of a representation that Defendant would not honor. Both representations are false and misleading. An unsophisticated consumer would unsurprisingly be confused and frustrated by Defendant's deceptive behavior.

### b. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f by employing unfair means to collect the subject consumer debts from Plaintiff. Specifically, it was unfair for Defendant to send collection letters drafted in a way to confuse Plaintiff as to her ability and rights to stop Defendant's collection activities. Furthermore, it was unfair for Defendant to improperly incentivize Plaintiff to contact Defendant.

WHEREFORE, Plaintiff JANIE R. MORMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2018                                Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Admitted in the Western District of Texas              Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148     Lombard, Illinois 60148
(630) 568-3056 (phone)     (630) 581-5858 (phone)
(630) 575-8188 (fax)     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com     thatz@sulaimanlaw.com